UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Isaac Davis, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION FILE NO.<br>) |
| First National Collection Bureau, Inc.,<br>LVNV Funding LLC and Synergetic<br>Communication, Inc. | ) COMPLAINT<br>)<br>) **DEMAND FOR JURY TRIAL** |
| Defendant(s). | )<br>) |

Plaintiff Isaac Davis (hereinafter, "Plaintiff"), brings this Complaint by and through his attorneys, against Defendant First National Collection Bureau, Inc., (hereinafter "FNCB") LVNV Funding LLC (hereinafter "LVNV") and Synergetic Communication, Inc. (hereinafter "Synergetic"),based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.   Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned

1

that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of Georgia, County of Douglas, 909 Crossing Drive, Little Springs, Georgia 30122.

8. Defendant FNCB is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 50 W Liberty St, STE 250, Reno, NV 89501-1973.

9. Upon information and belief, Defendant FNCB is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 55 Beattie Place, Greenville, SC 29601.

11. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant Synergetic is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 750 2nd Street NE Ste. 104, Hopkins, MN55343.

13. Upon information and belief, Defendant Synergetic is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to March 25, 2020, an obligation was allegedly incurred to HSBC Bank USA N.A. by the Plaintiff.

16. The HSBC Bank USA N.A. obligation arose out of transactions in which money, property, insurance or services which are the subject of the transactions were primarily for personal, family or household purposes.

17. The alleged HSBC Bank USA N.A. obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

18. HSBC Bank USA N.A. is a "creditor" as defined by 15 U.S.C. §1692a(4).

19. Defendants FNCB and Synergetic, debt collectors, were contracted by Defendant LVNV, a debt collector, to collect the alleged debt which originated with HSBC Bank USA N.A.

20. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – March 25, 2020 Collection Letter*

21. On or about March 25, 2020, Defendant FNCB sent Plaintiff a collection letter (the "Letter") regarding the alleged debt currently owed to Defendant LVNV **See Exhibit A**.

22. The collection letter states a balance due to a judgment of $9,879.41 and makes a settlement offer.

23. The letter further states: " As of the date of this letter, you owe $9,879.41. Because of interest, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For more information, write the undersigned or call (800) 824-6191."

24. The letter implies that the balance is going up due to interest and therefore Plaintiff is instructed to contact Defendant to determine the true balance.

25. Plaintiff contacted Defendant FNCB by telephone and was informed that he should call Defendant LVNV.

26. Upon calling Defendant LVNV, Plaintiff was informed that the balance was significantly less that stated on the letter from Defendant FNCB.

27. It is deceptive to imply in a collection letter that the balance is increasing, when in fact the balance is actually decreasing.

28. Plaintiff was misled and confused by Defendants' statements with regards to the balance and was therefore unsure which amount to pay.

29. In addition, on or before November 12, 2020, Defendant Synergetic sent Plaintiff a collection letter regarding the alleged debt owed to Defendant LVNV and stated a balance of $8,998.47.  **See Exhibit B.**

30. Defendant Synergetic's letter stated further: "As of the date of this letter, you owe $8,998.47.  Because of interest that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.  For more information, write the undersigned or call (855) 524-3086."

31. The letter implies that the balance is going up due to interest and therefore Plaintiff should contact Defendant to determine the true balance.

32. It is deceptive and misleading to imply that a balance is continually increasing when it is actually decreasing.

33. Plaintiff was misled and confused by Defendants' statements with regards to the balance and was therefore unsure which amount to pay.

34. Plaintiff was confused and misled by the statements made by Defendants, and as a result could not properly respond to the Defendant's letters, including the settlement offers.

35. Defendants' deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

36. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

37. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

38. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. Defendants violated said section by:

   a. Making a false and misleading representation in violation of but not limited to §1692e (10).

43. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

44. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Isaac Davis, individually and on behalf of all others similarly situated, demands judgment from the Defendants as follows:

a. Awarding Plaintiff statutory damages;

b. Awarding Plaintiff actual damages;

c. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

d. Awarding pre-judgment interest and post-judgment interest; and

e. Awarding Plaintiff such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:     March 22, 2021            Respectfully Submitted,

/s/ Misty Oaks Paxton
By:  Misty Oaks Paxton, Esq.
3895 Brookgreen Point
Decatur, GA 30034
Phone: (405) 529-6257
Fax: (775) 320-3698
attyoaks@yahoo.com

*Attorney for Plaintiff*